WINFIELD S. PHILBRICK *vs*. INHABITANTS OF WEST GARDINER.

Kennebec.    Opinion February 24, 1909.

*Ways.   Alleged Defect.   Assumption of Risk.*

1.  The doctrine of assumption of risk applies to actions against towns for injuries received through defects in ways.
2.  If a traveler sees horses standing crosswise the road while feeding, and undertakes to pass behind them, he assumes the risk of injury from such horses.
3.  While the plaintiff was undertaking to pass behind some horses feeding on the road, one of them by backing or kicking frightened the plaintiff's horse to his injury.  *Held:*  That the risk of fright from such backing or kicking was assumed by the plaintiff, and he cannot recover of the town.

On motion and exceptions by defendants.    Sustained.

Special action on the case under Revised Statutes, chapter 23, section 76, against the inhabitants of the town of West Gardiner, to recover damages for personal injuries alleged to have been received by the plaintiff on a public way in said town known as the "Pond Road," and caused by the alleged defective condition of said way.    Plea, the general issue.    Verdict for plaintiff for $658.12. The defendants then filed a general motion for a new trial and also excepted to several rulings made by the presiding Justice during the trial.

The case is stated in the opinion.

*George W. Heselton*, for plaintiff.

*Heath & Andrews, and Anson M. Goddard*, for defendants.

SITTING :   EMERY, C. J., WHITEHOUSE, SPEAR, CORNISH, KING, BIRD, JJ.

EMERY, C. J.   The evidence for the plaintiff showed the following :   The road commissioner of the defendant town with a road machine and several men and four or more horses was engaged in repairing one of the highways in that town, but during the noon hour the work was suspended, the machine drawn out near one side

of the road, the horses unharnessed and led to the side of the machine to feed from it.    While thus feeding they stood crosswise the road their hind quarters being only some twenty inches from the outer edge of the traveled part of the road.    The commissioner and his men were near-by eating their dinner.    The place was upon or near a culvert.

This situation was clearly seen by the plaintiff as he approached in a wagon drawn by one horse.    He slowed to a walk as he came near and without asking to have the feeding horses removed from the road, or to have room made for him to pass, he undertook to pass by turning out round and close to them.    When his horse had got behind the feeding horses one of the latter suddenly backed, or kicked, or switched his tail and so frightened the plaintiff's horse that he suddenly bolted throwing the plaintiff out upon the ground to his injury.    The plaintiff could not have turned further out without incurring some risk upon the other side.

Ignoring the question whether any defect in the road was the proximate cause of the injury, and ignoring some other questions raised by the defendant, we consider only the question whether the plaintiff assumed the risk incurred in undertaking to pass so close behind the feeding horses.    We think he did.    He was acquainted with horses, their habits, temperament and uncertainties.    He was chargeable with knowledge that unharnessed feeding horses are liable to back, or kick, or switch their tails when anything comes near them from behind.    He was also chargeable with knowledge that his own horse might be frightened by such movements so near him.    The situation, its temporary nature, and the risk of undertaking to pass so near the feeding horses were seasonably known. He did not ask to have the horses moved out of the way.    He did not wait till they could be so moved, but immediately undertook to pass by them as they were.    He took upon himself the risk of the evident danger in so doing, and it having gone against him he must himself bear the consequences.    *Merrill* v. *No. Yarmouth*, 78 Maine, 200;  *Lane* v. *Lewiston*, 91 Maine, 292.

*Motion and exceptions sustained.*
*Verdict set aside.*